UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HURRICANE WORK, LLC** | CASE NO. 5:25-cv-1756 |
| Plaintiffs, | |
| v. | JUDGE: |
| **NAVIGATORS INSURANCE COMPANY** | |
| Defendant. | MAGISTRATE: |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Hurricane Work, LLC, (hereafter referred to as "Hurricane") a Puerto Rican limited liability company, whose principal business office is in Louisiana, in the Parish of Sabine, who with respect represents the following:

## JURISDICTION

1.

This case is a civil action in which the amount in controversy exceeds the sum of Seventy-Five thousand ($75,000) Dollars and the parties are citizens of different states and U.S. Territory. This Court has diversity jurisdiction over the claim set forth below pursuant to 28 USC 1332. This is a suit under the Federal Declaratory Judgment Act, (28 USC 2201). This is filed as a declaratory judgment to interpret the terms of an insurance policy. This Court also has pendent jurisdiction under 28 USC 1367 over Complainant's claim for a declaratory judgment brought, under the Louisiana Declaratory Judgment Act. (La. C.C.P. Art. 1871). Pursuant to La. C.C.P. Art 1873, Complainant seeks to have a contract of insurance issued in Louisiana, in Sabine Parish, interpreted. Complainant also brings pendant claims under La. R.S. 22:1892, for breach of good faith and fair dealing. Complainant seeks restitution and damages for a bad faith claim.

## VENUE

2.

The insurance policy at issue herein was purchased from Defendant, through an agent of Defendant, Querbes and Nelson, Inc., (hereafter "Agent"). Agent is domiciled in Caddo Parish, Louisiana. Both Agent and Complainant are domiciled within the venue of the United States District Court for the Western District of Louisiana, and all negotiations and communications about the purchase and renewal of the policy was done within the venue of the United States District Court for the Western District of Louisiana. This policy was in fact negotiated and DocuSigned in Sabine Parish by the Complainant.

## PARTIES

3.

Complainant HURRICANE WORK, LLC, hereafter "HURRICANE" is a Puerto Rican Limited Liability Company with its principal office located in the Parish of Sabine, State of Louisiana. The center of its business operations is in Sabine Parish, Louisiana and in Puerto Rico. (165 Ponce de Leon Ave. STE 201, San Juan, PR, 00917). The center of its business operation are its office in Sabine Parish, Louisiana and in Puerto Rico. Hurricane is a citizen of both the State of Louisiana and Puerto Rico.

4.

Defendant herein is NAVIGATORS INSURANCE COMPANY, (hereafter "NAVIGATORS"). Navigators is a foreign insurance company domiciled in the State of New York, that is admitted to and doing business in, the State of Louisiana. In connection with the purchase of the policy at issue Navigators dealt with Complainant through an Agent in Caddo Parish Louisiana.

## FACTS

5.

Beginning approximately 2018 Hurricane purchased a policy of casualty insurance from Navigators, through its designated agent (Querbes & Nelson), the party referred to herein as Agent. The Policy provided insurance on certain scheduled pieces of heavy equipment listed in the policy. This policy was renewed each year after 2018 and was in effect on February 14, 2024. From time to time the equipment scheduled in the policy was changed for business reasons. At the execution of the insurance contract, Hurricane was not supplied a complete copy of the insurance policy, just the declarations page, and the schedules.

6.

Prior to the initial purchase of the policy, Agent was fully informed about Complainant's business operations. Hurricane is a contractor providing services in Puerto Rico, one of which is the cleanup of debris from natural disasters. Agent was specifically told that Complainant used subcontractors to perform part, or all the tasks that Complainant contracts to perform. Complainant expressly and intentionally purchased a policy and bought coverage from Navigators under which equipment belonging to Complainant's subcontractors, could be insured as scheduled equipment on Complainant's insurance policy. This fact was known to Agent and Agent assured Complainant that the policy that was issued provided coverage for such equipment belonging to subcontractors, working for Complainant, if the equipment was on the policy schedule.

7.

This coverage was necessary because Complainant has contracts to perform work in diverse remote locations, and the equipment belonging to the subcontractors must remain at Complainant's job site until the job is done. The insurance provides assurance that Complainant

will have equipment available to perform work, at the remote locations that Complainant's contracts require. At all times pertinent hereto the equipment was to remain at the Complainant's or the subcontractor's job sites.

8.

Agent assured Complainant that the equipment, of these subcontractors, was insured as requested, if the equipment was on the policy schedule. And it was. This coverage was necessary for Complainant's business operations, because the subcontractors had difficulty obtaining insurance that would cover their equipment, at the remote diverse jobsites.

9.

The Policy, which was issued, does in fact, contain a clause under the heading "Covered Property" stating that "Scheduled Equipment" includes equipment belonging to subcontractors is covered.

10.

In another section the Policy has a clause stating that the policy only insures the insured's "insurable interest" in the equipment.

11.

Navigators knew through communications with Agent, that the subcontractors were not named as additional insureds under the policy, but in fact owned equipment listed on the policy schedule. Navigators accepted the premiums from Complainant, with that knowledge.

12.

As reported to Claimant, prior to February 14, 2024, certain scheduled items of heavy equipment at a Claimant job site in Puerto Rico, were stolen. The theft was discovered by the subcontractor, on February 14, 2024, and the claim was reported to Navigators. Navigators

subsequently issued a RESERVATION OF RIGHTS LETTER to Complainant, stating that Navigators reserved the right to deny this claim. Navigators position was that the Complainant did not have an insurable interest in the stolen equipment.

## FACTS CONCERNING THE CLAIM

13.

In 2018 Complainant entered into a contract, to remove storm debris from roadways in Puerto Rico.

14.

On December 18, 2018, Complainant signed a lease in Puerto Rico with Isabella Recycling, Inc. (hereafter "Disposal Site") Pursuant to this lease, the leased property would be the disposal site for the mulched green material, picked up from roadways in Puerto Rico.

15.

Complainant subcontracted with Grindco, LLC. (hereafter "Grindco) to mulch the green waste storm debris at various disposal sites.

16.

After subcontracting with Grindco, certain equipment belonging to Grindco which was scheduled on Complaint's policy with Navigators was moved to Isabella Recycling, which was to be the final resting place of the material.

17.

At least the following items, Inter Alia, of scheduled equipment under the policy were placed at the Disposal Site, for use on the job in anticipation of the performance of the subcontract obligation, to mulch storm debris cleared from roadways (2019):

**PROPERTY MISSING ON OR ABOUT FEBRUARY 14, 2024 (11 PIECES):**

New Holland Excavator **Serial**: NFTN55394 **Model**: E55BX

JCB Mini Excavator **Serial**: JC808040A0105674 **Model**:840

Hogzilla Track Mounted Tub Grinder **Serial**:2026 **Model**:1464T

Hogzilla Tub Grinder **Serial**:566 **Model**:TC#15-64P

Komatsu Excavator **Serial**:30107 **Model**: PC308USLC-3EO

Volvo Loader **Serial**: G17227 **Model**: L90G

Volvo Loader **Serial**: G17093 **Model**: L90G

Volvo Excavator **Serial**: 210435 **Model**: 220D

Volvo Excavator **Serial**: 210437 **Model**: 220D

Mitsubishi Dozer **Serial**: ZB103448 **Model**: BDZG II

John Deere **Serial**: DW644JX596442 **Model**:644J

**PROPERTY MISSING SINCE 2019:**

Takeuchi **Serial**: 123503829 **Model**:

Takeuchi **Serial**: 124001037 **Model**:

18.

Operations at the Disposal Site were disrupted on several occasions by events beyond the control of Complainant or Grindco, including a pandemic. During these disruptions, the equipment remained at the Disposal Site, waiting for authorization to resume the contracted activities. And at all times the equipment remained available for use and insured.

19.

In or about early February 2024, Grindco was advised, by some of its local contacts, that the above listed equipment was missing, and was not at the Disposal Site. One of Grindco's

principals traveled to Puerto Rico to investigate this situation, and on February 14, 2024, confirmed that the equipment had in fact been stolen. This agent reported this theft to Hurricane.

20.

Hurricane reported the theft to Navigators, through its agent, on February 14, 2024, and the theft was also reported to the local police in Puerto Rico. The thief or thieves have not been identified, to date, and the equipment has not been recovered. The equipment is not available to Grindco to do the work it subcontracted to do for Complainant.

21.

Navigators took very limited action to investigate the claim, and has not paid the claim, to date.

22.

After taking little action to investigate the claim, for eight months, on September 26, 2024, Navigators provided to Complainant, a reservation of rights letter.

23.

The reservation of rights letter stated on page 2, that there is a question as to whether Complainant had an insurable interest in the stolen property.

24.

The insurance policy has conflicting policy provisions that create ambiguity. On page 2 of the policy. The policy expressly provides coverage for contractor's equipment. Under the section entitled 'Property Covered" is the following language:

1. Scheduled equipment

    a. **Coverage**—"We" cover direct physical loss caused by a covered peril to:

        1. "Your" contractor's equipment

25.

The policy further provides that the "contractor's equipment coverage, is only provided if the equipment is listed, in a schedule which is provided to "us" and when "Schedule on file" is indicated in the "Schedule of Coverages." The "Schedule of Coverages" includes coverage for "Schedule on File" coverage.  The equipment at issue is listed in the schedule of coverages, and has been reported stolen. The missing equipment was scheduled on the policy, and the policy had contractor's equipment coverage.

26.

There is also a general policy provision stating that "We do not cover more than 'your' insurable interest in any property." In the reservation of rights letter Navigators asserts that this language is applicable to subcontractor's equipment scheduled in the policy.

27.

While Louisiana law requires that an insured under a property damage policy must have an insurable interest in the property, the term "insurable interest" has a broader definition than just owning the property. An insurable interest is defined by La. R.S. 22:853 (b) as follows:

> B. "Insurable interest" as used in this Chapter means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.

28.

The Navigator's policy recognized that Complainant had a substantial economic interest in the preservation of property of subcontractors working on its jobs and for that reason offered Complainant coverage for equipment belonging to contractors. Navigators accepted related premiums, for this coverage, in full.

29.

Navigator's reservation of rights as to the loss of subcontractor-owned scheduled equipment, based on the insurable interest clause, is a misinterpretation by Navigators of the coverage language in its own policy.

## CLAIMS FOR RELIEF

## COUNT 1.

30.

CLAIM UNDER 28 USC 2201, THE FEDERAL DECLARATORY JUDGMENT ACT

31.

The facts set forth in paragraphs 1 through 29 are incorporated herein by reference.

32.

The insurance policy that Navigators issued to Complainant is policy number NY23ILM0BI1B4-01. This insurance policy will henceforth be referred to as "The Policy".

33.

The effective dates for The Policy were February 16, 2023, until February 16, 2024. The complainant could not renew the policy, at its expiration on February 16, 2024, because the equipment in question had been stolen.

34.

The Policy was issued to Hurricane Work, LLC.

35.

The Policy contained the following forms and endorsements:

CL 100         03-99  COMMON POLICY CONDITIONS

IM 7005        01-12  SCHEDULE OF CVGS-CONTRACTORS' EQUIPMENT

ADDENDUM A EQUIPMENT SCHEDULE

| | |
|---|---|
| IM 7000 | 04-04 CONTRACTORS' EQUIPMENT COVERAGE SCHED-EQUIP |
| IM 7034 | 01-12 TOOLS ENDORSEMENT |
| IM 7035 | 01-12 EQUIPMENT LEASED OR RENTED TO OTHERS SCHED |
| IM 7013 | 04-04 EQUIPMENT LEASED OR RENTED TO OTHERS ENDT |
| IM 7036 | 07-11 EQUIPMENT LEASED OR RENTED FROM OTHERS SCHED |
| IM 7012 | 07-11 EQUIPMENT LEASED OR RENTED FROM OTHERS ENDT |
| IM 7870 | 01-12 SPLIT DEDUCTABLE ENDORSEMENT |
| IM 7039 | 07-11 BELOW THE SURFACE OF THE GROUND EXCLUSION |
| IM 7902 | 01-12 LOSS PAYABLE SCHEDULE |
| IM 7854 | 04-04 LOSS PAYABLE OPTIONS |
| CL 0196 | 03-17 AMENDATORY ENDORSEMENT-LOUISIANA |
| IM 2037 | 10-22 AMENDATORY ENDORSEMENT-LOUISIANA |
| CL 0610 | 01-15 CERTIFIED ACT OF TERRORISM EXCLUSION |
| CL 0700 | 10-06 VIRUS OR BACTERIA EXCLUSION |

36.

The schedule of equipment attached to the policy listed all the equipment identified in paragraph 17.

37.

On February 14, 2024, the theft of the equipment listed in Paragraph 17 of this complaint, was reported to Navigators.

38.

Navigators reserved rights in the reservation of rights letter sent September 26, 2024, to contend that Complainant, had no insurable interest in the equipment reported stolen.

39.

Complainant is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue determining that Complainant, in fact has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 17, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024.

## COUNT 2.

40.

The facts set forth in paragraphs 1 through 39 are incorporated herein by reference.

41.

La. C.C.P. Art 1873 provides for the issuance of a DECLARATORY JUDGMENT, interpreting a contract regardless of whether there has been a breach of the contract.

42.

Complainant is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue, determining that Complainant in fact, has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 17. Under the terms of the policy the equipment is insured against theft, which policy was in full force, and effect on February 14, 2024.

## COUNT 3.

43.

La. Stat. Ann. § 22:1892 provides the following:

(2) Any one of the following acts, if knowingly committed or performed by an insured, claimant, or representative of the insured or claimant, constitutes a breach of the insured's duties imposed in Paragraph (1) of this Subsection:

(a) A failure to comply with affirmative contractual duties or obligations established in the insurance policy, <u>including the duty to act in good faith</u> in providing information regarding the claim, in making demands of the insurer, in setting deadlines, and in attempting to settle the claim. (Emphasis Ours)

(b) A misrepresentation of pertinent facts or insurance policy provisions relating to any coverages at issue.

44.

Navigators misrepresented its coverage, under the insurance policy, when it asserted in its reservation of rights letter, that there was an insurable interest question about the equipment scheduled on the policy.

45.

The misrepresentation of the coverage under the insurance policy has resulted in a delay of payment of the claim by navigators.

46.

Complainant is entitled to a JUDGMENT AWARDING PENALTIES AND ATTORNEY FEES for the misrepresentation of the policy terms.

## COUNT 4.

47.

The contract of insurance provides for an EXAMINATION UNDER OATH (hereafter referred to as, "EUO"). This EUO is limited to the testimony of a corporate representative, as designated by Hurricane Work. The "You" referenced in the contract of insurance has a specific definition in the policy which, references the Limited Liability Company which references Hurricane Work, LLC. The only reasonable interpretation of this contract is that a representative of Hurricane Work, LLC must submit to the EUO. To date a corporate representative has not been named but will be in due course. Hurricane Work will fully comply with the express terms of this insurance contract, once coverage is determined.

48.

Navigators has demanded an examination under oath of selected individuals of its choosing including Hurricane officials and employees and officials of Hurricane subcontractors.

49.

Navigators is only entitled to examine Hurricane under oath through a witness designated by Hurricane as the policy states that Navigators can examine "You" under oath and the policy defines this term to mean Hurricane.

## COUNT 5.

In the alternative, if this Honorable Court finds that there is no coverage in this insurance contract, for the scheduled equipment, then it would only be appropriate for this Honorable Court to order the last seven years of premiums, plus penalties and interest, be returned to Hurricane Work, LLC, without any further delay.

## **PRAYER**

**WHEREFORE**, Complainant, Hurricane Work, LLC, prays for relief as follows:

1. The Court render a DECLARATORY JUDGMENT under the Federal Declaratory Judgment Act determining that Complainant in fact has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed herein, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024; and

2. The Court render a Declaratory Judgment under La. C.C.P. Art 1871-1873 determining that Complainant in fact, has an insurable interest, in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed herein, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024; and

3. The Court award Complainant penalties and attorney fees under La. R.S. 22:1892 for breach of the duty of good faith and fair dealing; and

4. That the Court enter a judgment allowing Hurricane to designate a witness to appear on behalf of Hurricane for the Examination Under Oath; and

5. In the event that the Court determines that the contractors equipment scheduled on the policy is not in fact covered, because Hurricane does not have an insurable interest in the scheduled property, then Hurricane prays for judgment in favor of Hurricane Work, LLC and against Navigators Insurance Company in the amount

of all premiums paid for the insurance policy from its inception in 2018 until it's expiration in 2024.

                Respectfully submitted,

                <u>*s/Martin K. Maley, Sr.*</u>
                **Martin K. Maley, Sr., La. Bar Roll No. 20933**
                **Stephen M. Irving., La. Bar Roll No. 7170**
                Maley Law Firm
                PO Box 3154
                Baton Rouge, LA  70821
                Telephone: (225) 346-6781
                Facsimile: (225) 346-6788
                Email:  mkmaley@eatel.net
                        Steve@steveirvingllc.com

                ***Attorneys for Hurricane Work, LLC***